UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| FRANKLIN J. SALCEDO, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | 2:18-cv-00092-DBH |
| v. | ) | |
| | ) | |
| WILLIAM KING, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915a**

In this action, Plaintiff Franklin Salcedo, an inmate at the York County Jail, alleges that he was injured during a prisoner transport as the result of negligent conduct on the part of York County sheriff deputies or corrections officers.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's complaint without prejudice.

1

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND**

According to Plaintiff's filings, on January 26, 2018, York County officers transported several prisoners, including Plaintiff, in a van that did not contain enough seats for all of the prisoners. The officers directed another prisoner to sit on Plaintiff's lap. During the transport, the officer who was driving the van applied the brakes during a turn and Plaintiff, who was handcuffed and shackled, was injured. (Complaint at 3, ECF No. 1; Additional Narrative, ECF No. 2-7.) Plaintiff alleges he suffered injuries to his neck and back. (ECF No. 2-5, 2-6.) Following the incident, Plaintiff received medical attention. (Grievance Exhibits, ECF Nos. 2-5, 2-6.)

Plaintiff was subsequently transferred to the Cumberland County Jail. Plaintiff alleges that when he asked as to the reason for the transfer, a corrections officer replied: "You immigrants are causing too many problems from filing complaints." (ECF No. 2-9.)

## DISCUSSION

The federal civil rights statute, 42 U.S.C. § 1983, permits a plaintiff to file an action in federal court against any person who has acted under color of state law to deprive the plaintiff of a federal right. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005). The defendants identified in Plaintiff's complaint qualify as state actors subject to suit under section 1983. The issue is whether Plaintiff has alleged sufficient facts to state an actionable claim for the deprivation of a federal right.

### A. Claim for Injury Resulting from Van Transport

Plaintiff asserts the circumstances that resulted in his injury constitute cruel and unusual punishment or otherwise violated rights protected by federal law. Cruel and unusual punishment is punishment "applied maliciously and sadistically for the very purpose of causing harm," *Skinner v. Cunningham*, 430 F.3d 483, 488 (1st Cir. 2005), or punishment of a kind repugnant to the conscience of mankind, *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The facts alleged by Plaintiff do not involve punishment. Even if the facts could be construed to allege a form of punishment, the facts do not support a finding of punishment that was maliciously and sadistically imposed or that was repugnant to the human conscience.[1] Accordingly, to the extent Plaintiff seeks to assert a claim of cruel and unusual punishment, he has failed to state such a claim in his complaint.

---

[1] Assuming *arguendo* that Plaintiff could establish that he was a pretrial detainee or was being detained on immigration grounds, and therefore that a lower standard applied under the Fourteenth Amendment's Due Process Clause, the claim by its very nature is a state law negligence claim. Even under the lower standard, a due process claim involves something more than negligence. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015); *Daniels v. Williams*, 474 U.S. 327, 331 – 33 (1986).

Plaintiff also alleges the incident in the van constitutes a violation of unspecified federal rights. (ECF No. 2-7.) Plaintiff's allegations regarding the violation of traffic safety standards or rules, however, fail to state an actionable federal claim. Federal statutes and regulations are not enforceable under section 1983 unless a plaintiff identifies a provision of federal law through which Congress intended to confer an enforceable right on individual citizens. *Suter v. Artist M.*, 503 U.S. 347, 356 (1992); *Stowell v. Ives*, 976 F.2d 65, 67 (1st Cir. 1992). Plaintiff has not identified such a right, and the alleged facts do not suggest such a right.

### B. Prison Transfer

Plaintiff alleges that when he asked for an explanation for his transfer to the Cumberland County Jail, a corrections officer said, "[y]ou immigrants are causing too many problems from filing complaints." (ECF No. 2-9.) Prisoners, including pretrial detainees, do not have a constitutional right to be assigned to a particular facility, or to a due process hearing whenever they are moved from one facility to another. *Perez v. Ponte*, 236 F. Supp. 590, 614 (E.D.N.Y. 2017). For the convicted inmate, no liberty interest is protected under the Due Process Clause in connection with a transfer unless the transfer involves an atypical and significant hardship in relation to the ordinary incidents of life in prison. *Sandin v. Conner*, 515 U.S. 472 (1995). For the pretrial detainee, no liberty interest is protected under the Due Process Clause unless the transfer can fairly be deemed "punitive." *Perez*, 236 F. Supp. 3d at 614 – 15. The First Circuit has described a pretrial detainee's liberty interest in non-punitive conditions of confinement as "coextensive with those of the Eighth Amendment's prohibition against cruel and unusual punishment."

*Surprenant v. Rivas*, 424 F.3d 5, 18 (1st Cir. 2005). Conditions are thus punitive if they are below the "minimal measure of necessities required for civilized living." *Id.* To prove certain conduct constitutes punishment, a pretrial detainee must present "only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 – 74 (2015).[2]

For both convicted inmates and pretrial detainees, the Fourteenth Amendment's Equal Protection Clause and the First Amendment's Petition Clause provide additional protection. Under the Equal Protection Clause, Plaintiff is entitled to protection against differential treatment based on race, national origin, and other impermissible considerations. *Bruns v. Mayhew*, 750 F.3d 61, 65 (1st Cir. 2014); *Ayala-Sepulveda v. Municipality of San German*, 671 F.3d 24, 32 (1st Cir. 2012); *Donovan v. City of Haverhill*, 311 F.3d 74, 77 (1st Cir. 2002). Under the Petition Clause, Plaintiff has the right to petition the government for redress of grievances, and he is entitled to protection against retaliation for doing so. *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011).[3]

---

[2] Concerning the Supreme Court's use of the phrase "only objective evidence," a condition of confinement claim against a particular individual defendant often will include an additional, subjective component (proof of deliberate indifference) in order to establish that particular defendant's liability. *Surprenant v. Rivas*, 424 F.3d 5, 18 (1st Cir. 2005). However, where the conduct in question is "purposefully or knowingly" applied, satisfaction of an objective standard is sufficient to establish liability. *Kingsley*, 135 S. Ct. at 2472.

[3] To establish a claim of retaliation, an inmate must allege (1) that the inmate engaged in conduct that is protected by the First Amendment; (2) that a defendant took adverse action against the inmate because of the inmate's protected conduct; and (3) that the adverse action would deter an inmate of ordinary firmness from exercising his or her First Amendment rights. *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011); *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Thaddeus–X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999).

In this case, Plaintiff's assertion of a statement attributed to a corrections officer is insufficient to satisfy Plaintiff's obligation to assert facts that would support an actionable punitive transfer claim against the named defendants. In fact, although Plaintiff identifies the corrections officer who made the statement,[4] the officer is not a named defendant and Plaintiff alleges no other facts from which one could conclude that the named defendants engaged in conduct that could support a punitive transfer claim.[5]

## C. State Law Claim

Although Plaintiff has not asserted an actionable federal claim, Plaintiff has alleged sufficient facts to support a state law negligence claim. Plaintiff, however, has not asserted facts that would support a claim within the Court's subject matter jurisdiction.

---

[4] Plaintiff identifies the officer as Sgt. Ronco (ECF No. 2-9), who is not a named defendant.

[5] Section 1983 claims are defendant specific and municipalities such as York County and supervisors such as the "Sheriff of York County Jail" are not automatically liable for the unconstitutional conduct of their employees and subordinates. To assert a claim against York County, Plaintiff must allege facts that would support a finding that the municipality itself bears responsibility for the constitutional deprivation. *Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 769 (1st Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). "[L]iability attaches to a municipality under § 1983 'only if the violation occurs pursuant to an official policy or custom.'" *Id.* (quoting *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008)). Plaintiff has not alleged that the transfer was the result of a municipal policy. Similarly, supervisory prison officials are not liable for acts that violate a prisoner's federal rights unless they participated in some way in the acts. That is, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Public officials may be held liable under § 1983 for a constitutional violation only if a plaintiff can establish that his or her constitutional injury 'resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'" *Ocasio–Hernandez v. Fortuno–Burset*, 640 F.3d 1, 16 (1st Cir. 2011) (quoting *Rodríguez–García v. Miranda–Marín*, 610 F.3d 756, 768 (1st Cir. 2010)). "Because precise knowledge of the chain of events leading to the constitutional violation may often be unavailable to a plaintiff at [the pleading] stage of the litigation," *id.*, courts often must turn to "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, to make "a contextual judgment about the sufficiency of the pleadings," *Sanchez v. Pereira–Castillo*, 590 F.3d 31, 48 (1st Cir. 2009). Plaintiff has not alleged that the Sheriff had knowledge of or any involvement in the allegedly unlawful transfer.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

Federal district courts do not have jurisdiction over a state law claim unless the claim is between citizens of different states and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). For the exercise of diversity jurisdiction to be valid, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). "In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state." *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010).

Here, Plaintiff has not asserted any facts to suggest he was domiciled in a state other than Maine at the time he was incarcerated. Given that Plaintiff has named the Sheriff of York County Jail and "employees of York County Jail" as defendants, the current record suggests a lack of diversity of citizenship. Furthermore, based on Plaintiff's description of the alleged injuries he sustained, it is not apparent that the value of the claim satisfies the jurisdictional threshold. In short, Plaintiff has not in his complaint alleged facts to establish

the diversity jurisdiction of this Court.  *See* Fed. R. Civ. P. 8(a)(1) (complaint must include "a short and plain statement of the grounds for the Court's jurisdiction.")

**Conclusion**

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's complaint without prejudice to Plaintiff's ability to assert his state law claim in state court and/or to assert an actionable federal claim within this Court's jurisdiction.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of April, 2018.